## SUPREME COURT.

### DRESSEL agt. FRENCH.

In proceedings under the lien law, passed in 1851, applicable only to the counties of Westchester, Ulster and Putnam (*Session Laws of* 1851, *p.* 319), where the lien claimed (or a balance of account due the contractor) is less than $100, the notice, under § 4 of the·act, should require the defendant to appear in a " *Justice's Court* " of the town where the building is situated. If the amount of the lien claimed is over $100, the notice should require the defendant to appear in the Supreme Court, at a circuit or special term, when·in session in the county, specifying the day and hour.

Where the plaintiff summoned the defendant to appear in the Supreme Court before the *County Clerk* of Ulster, and claimed a balance of account of $53·40, although the original contract was over $100, and entered judgment by default against the defendant. *Held*, that all the plaintiff's proceedings were unauthorized and void.

The phraseology and construction of that act considered.

Dressel agt. French.

*Albany Special Term, March* 1852. *Motion to set aside a judgment.* On the 4th day of February, the plaintiff, by his attorney, served upon the defendant a notice requiring him " to appear in the Supreme Court, *before the clerk of Ulster county,* at his office in Kingston, on the 24th day of February 1852, at 10 o'clock A. M., either in person or by attorney, and submit to an accounting and settlement of the amount due to the said George Dressel, of Rondout, for work, labor and services performed, and materials furnished by him for the defendant, and at his request, for the altering, repairing or constructing of a certain building, situate in the said village of Rondout." A bill of the particulars of the work, labor and services performed, and materials furnished, was annexed to the notice as follows:

" 1851, June 18. To 25 days work at $150 .... .... . $39·75
53 feet plank, 3 .... ... . 1·59
24 lights glass .... ------ ------ 1·10
" " sash .... ------ ------ 96
Aug. 1. To work &c., by contract .... -- .... 130·00

173·40
Cr. By cash ------ .... .... ------ 120·00

$53·40

On the 25th of February, the defendant's default for not appearing, was entered by the clerk of Ulster county, and a writ of inquiry was issued to the sheriff of Ulster, to assess the plaintiff's damages. An inquisition was taken on the 4th of March, by which the damages were assessed at $55·58, and thereupon judgment was perfected for the damages, so assessed, together with $14·25 costs. Execution was issued to the sheriff of Ulster to collect the judgment. The defendant moved to set aside the proceedings as irregular, and for want of jurisdiction.

E. Cooke, *for Plaintiff.*

M. Schoonmaker, *for Defendant.*

Harris, Justice.—The proceedings in question have been had under the lien law, passed in 1851, and applicable only to the counties of Westchester, Ulster and Putnam (*Sess. Laws* 1851,

*p.* 319). The act is clumsily drawn, and some, I think I may say most, of its provisions are so obscure as to be almost unintelligible; and yet, I perceive that the new lien law for the city of New York, passed in July 1851, is, for the most part, a transcript of this statute (*Sess. Laws* 1851, *p.* 953.) The general object of the law seems to have been, to furnish security by way of lien, to those who perform labor, or furnish materials in buildings, altering or repairing any house or other building, *under a contract with the owner.* It is only where there has been *a contract* with the owner, that the law provides a lien.

There being such a contract between the person who in the act, is denominated as the *contractor*, and the owner of the building, any other person who performs any labor, or furnishes any materials towards the execution of the contract, obtains a lien upon the owner's interest in the premises. For the · purpose of bringing these liens to a close, the 4th section of the act provides that the contractor, or any such laborer or person, furnishing materials, may serve a notice on the owner, contractor, laborer or person furnishing materials, requiring the party served with such notice to appear, either in the Supreme Court or a Justice's Court, according to the amount of the lien claimed, and submit to an accounting and settlement in such court. Where the amount of the lien claimed exceeds one hundred dollars, the parties upon whom the notice is served are to appear " in the Supreme Court for the district in the county in which the building is situated." Although the act was passed before the New York lien law, it bears intrinsic evidence of having been framed after the pattern of that act, and, in some instances, the draftsman has incautiously transferred more of the language of the pattern act than was suitable for his purpose. Thus, when the parties, upon whom the notice, authorized by the 4th section, is to be served, are required to appear " in the Supreme Court *for the district* in the county," it is impossible to give any effect or assign any meaning to the words " *for the district.*" A comparison of this section with the corresponding section of the New York act will show, that the one is a close imitation of the other, and this expression " for the district," answers to " the Justice's Court of the judicial district, &c." of the other act. Again, the

Dressel agt. French.

notice must require the parties to appear " at a time certain, or some day to be specified in such notice." Though the meaning of this language may be inferred, no one will deny that it is inapt and awkward. But a reference to the corresponding section of the New York act will show, that, by some misfortune, in transcribing or otherwise, the word " on," or, as it is in the New York act, " upon," has been changed into the conjunction " or," and hence arises all the obscurity. By substituting on for or, it becomes apparent, that as the notice for which the section provided might require the parties to appear sometimes in a Justice's Court, the legislature intended that the notice should, like the first process in such courts, specify *the hour* as well as *the day* when the parties should appear.

This, then, I understand to be the meaning of the 4th section, so far as it relates to the case in hand. The plaintiff assumes that he was a contractor, and as such had performed work and furnished materials for the defendant's building. For the work done and the materials found, the first section of the act gave him a lien. If others, under him, had performed part of the work, or furnished materials, they, too might have a lien. If the plaintiff would bring the matter to a close, he may, if the amount of the lien, or, in other words, the amount claimed to be due from the owner, whether to the contractor, or others employed by him, exceed one hundred dollars, proceed in the Supreme Court; otherwise, he can only proceed in a Justice's Court of the town. If he proceeds in the Supreme Court, the notice must specify the day, and the hour of the day, when the parties are to appear. It must be at a time when the Circuit Court or a special term of the Supreme Court, shall be in session *in the county*. The notice must require the parties to appear *in the court*, and in *the county*, and a general term would not take cognizance of such a matter. In Smith vs. Maince (1 *Code R. N. S.* 230), when the parties appeared *in court*, at the time specified in the notice, an order was made requiring the contractor to file his complaint, as in an ordinary action, in ten days, and the owner to answer in twenty days.

If I am right in this construction of the act, it follows that the plaintiff has failed in almost every particular, to comply with its

requirements. The amount of " the lien claimed" was less than $100. The notice, therefore, should have required the defendant to appear in a Justice's Court of the town where the building is situated. But even if the Supreme Court had jurisdiction of the matter, there is nothing in the act authorizing the plaintiff to summon the defendant to appear *before the clerk of the county.* Though an officer of the court, he is not the court, any more than the sheriff or a constable. The parties are to appear *in court,* and *there* submit to an accounting and settlement. The defendant has had no day *in court.* Had he appeared before the clerk, according to the exigency of the notice, what could have been done? The clerk could make no order for the joining of an issue. The plaintiff's proceedings were wholly unauthorized and void. They must, therefore, be set aside, with costs.